AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of **Puerto Rico**

TELE GUIA TALKING YELLOW PAGES, INC.

V.

LATIN AMERICAN ENTERPRISES, INC.;
JOHN DOE INSURANCE COMPANY;
RICHARD DOE INSURANCE COMPANY

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 04-2047 (JP)

TO: (Name and address of Defendant)

Latin American Enterprises, Inc.
2929 S.W. 3rd Avenue – Suite 320
Miami, FL 33129

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Guillermo F. DeGuzmán
DeGuzmán & Gierbolini Law Offices
PO Box 364567
San Juan, Puerto Rico 00936-4567

an answer to the complaint which is served on you with this summons, within **Twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

FRANCES RIOS DE MORAN

OCT - 5 2004

CLERK                                            DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date                           *Signature of Server*

                                        _____
                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TELE GUIA TALKING YELLOW PAGES, INC.

## DEFENDANTS
LATIN AMERICAN ENTERPRISES, INC.

(b) County of Residence of First Listed Plaintiff: U.S.A.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: U.S.A.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Guillermo F. DeGuzmán, Esq.
DeGuzmán & Gierbolini Law Offices
252 Ponce De León Avenue, Citibank Towers, Third Floor, Suite 301
Hato Rey, Puerto Rico 00918 / Tel. 787-756-2765

Attorneys (If Known)
Cosme J. de La Torriente, P.A.
Cosme de La Torriente, Esq.
155 Southwest 25th road
Miami, Florida 33129

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

PATENT INFRINGEMENT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $3,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: October 4, 2004
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
04 OCT -5 PM 3:39
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

| | |
|---|---|
| TELE-GUIA TALKING YELLOW PAGES, INC.<br><br>Plaintiff,<br><br>v.<br><br>LATIN AMERICAN ENTERPRISES, INC.;<br>JOHN DOE INSURANCE COMPANY;<br>RICHARD DOE INSURANCE COMPANY<br><br>Defendants | CIVIL NO.<br><br><br>RE:  PATENT INFRINGEMENT<br><br><br><br>A TRIAL BY JURY IS HEREBY<br>DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

TO THE HONORABLE COURT:

Plaintiff, Tele-Guía Talking Yellow Pages, Inc., by its undersigned attorneys, complains against Defendants, Latin American Enterprises, Inc.; John Doe Insurance Company and Richard Roe Insurance Company as follows:

I.

JURISDICTION AND VENUE

1.  This Honorable Court has exclusive jurisdiction pursuant to 28 U.S.C. §1338(a), as amended, because this action arises under the Patent Laws of the United States (35 U.S.C. §281 et seq.), as more fully appears below.

2.  Upon information and belief, Defendant, Latin American Enterprises, Inc., is, and at all times mentioned herein has been conducting business in Puerto Rico, with business outlets and/or facilities in Puerto Rico, from which it has requested, committed, participated, generated

and/or encouraged the acts of infringement detailed hereafter. Therefore, *in personam* jurisdiction is proper and, under 28 U.S.C. §1400(b), venue is properly laid in this Court.

II.

THE PARTIES

3.  Plaintiff, Tele-Guía Talking Yellow Pages, Inc. ("Tele-Guía"), is a corporation created and duly authorized to conduct business in Puerto Rico, with principal offices in San Juan, Puerto Rico, dedicated to commercial licensing of intellectual property rights, duly secured and registered, including patented inventions relevant to the infringement subject of the captioned case.

4.  Defendant, Latin American Enterprises, Inc. ("LAE"), upon information and belief, is a corporation, partnership, enterprise, legal entity and/or group of people (of unknown name at this time), created and operating out of Miami, Florida, dedicated to the marketing, promotion and/or sale of prepaid calling cards and/or calling credit cards services and/or related services.

III.

THE FACTS

5.  Plaintiff Tele-Guía is the owner of: US Patent No. 5,187,735, filed on May 1, 1990 and issued on February 16, 1993 (the '735 Patent, hereinafter) and US Patent No. 5,479,491, filed on December 16, 1994 and issued on December 26, 1995 (the '491 Patent, hereinafter, or collectively, the Patents). The invention(s) subject of the patents and source of this complaint involves several applications and/or claims of the following device and/or system: INTEGRATED VOICE-MAIL BASED VOIVE AND INFORMATION PROCESSING

2

SYSTEM. See copies attached of '735 Patent and '491 Patent, marked as Exhibit I and II to this Complaint.

6. The Patents are valid and in full force and effect.

7. Upon information and belief, LAE has operated, on a continuous basis and without the authorization of Tele-Guía, during the time the Patents have been issued and remained in full force and effect, a prepaid calling cards and/or calling credit cards services business, mainly in the metropolitan area of San Juan, Puerto Rico, and particularly at the Luis Muñoz Marín International Airport ("LMMIA"), in Carolina, Puerto Rico. Defendant LAE has operated throughout the relevant time from a main commercial office in Miami, Florida and/or San Juan, Puerto Rico, from where it originates sales, generates advertisement, supplies materials, conducts billing, engages in contracts, and affords other products and services as part of or in support thereof of prepaid calling cards and/or calling credit cards services and/or related services. Upon information and belief, it is understood that Latin American Enterprises, Inc., currently and throughout the timeframe comprising the relevant facts of this Complaint, operates outlets at the LMMIA, among other locations in the island of Puerto Rico, to sell, promote, distribute and/or conduct profitable business with prepaid calling cards and/or calling credit cards, and has been, and still is, infringing one or more claims[1] of the Patents.

8. Defendant LAE's infringement has and is injuring plaintiff Tele-Guía inasmuch as it has interfered with plaintiff's potential sales, has unfairly diverted sales to defendant, and/or deprived the plaintiff of reasonable royalty and/or licensing fees for the use of the invention subject of this case. Defendant LAE, has been profiting from the plaintiff's invention(s), without plaintiff Tele-Guía's authorization, in an uncertain and/or difficult amount to calculate. Nevertheless, plaintiff Tele-Guia estimates to have been injured and deprived of royalties and/or

---

[1] Particularly, Claim 17 of the '735 Patent.

licensing fees up to this time in an amount no less than $ 1,000,000.00. Plaintiff has no adequate remedy at law for the injury alleged, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

9.   Plaintiff Tele-Guía advised Defendant, LAE, on October 7, 2003 and thereafter during the month of November 2003[2], of their infringement through a letter addressed, on the referred date, by counsel for plaintiff Tele-Guía, with a copy of the Patents. Within said letter, plaintiff Tele-Guía offered a license agreement with favorable terms, including the opportunity to cure all prior infringement. See copy of the letter attached (without their original attachment to avoid unnecessary duplication), marked as Exhibit III to this Complaint. Defendant rejected such favorable offer and continued its infringing conduct. Defendant's subsequent infringement has been willful and deliberate, justifying the trebling of damages pursuant to 35 U.S.C. §284, and the award of attorneys fees pursuant to 35 U.S.C. §285.

IV.

COUNT I

10.   Plaintiff re-alleges as if fully set forth herein, paragraphs 1 through 9 of the Complaint.

11.   Defendant LAE's unauthorized use of the invention(s) covered and/or protected by the Patents infringes the plaintiff Tele-Guía's rights and constitutes interference with plaintiff's potential sales depriving the plaintiff of reasonable royalty and/or licensing fees for the use of the invention subject of this case. Plaintiff Tele-Guia is entitled to collect the damages and lost profits experienced so far, estimated at no less than $ 1,000,000.00.

V.

---

[2] Also, through subsequent telephone conversations with counsel for LAE, Cosme de La Torriente, Esq. in an attempt to negotiate a license agreement.

4

## COUNT II

12. Plaintiff re-alleges as if fully set forth herein, paragraphs 1 through 11 of the Complaint.

13. Defendant LAE's unauthorized use of the invention(s) covered and/or protected by the Patents not only infringes the plaintiff Tele-Guía's rights and constitutes interference with plaintiff's potential sales depriving the plaintiff of reasonable royalty and/or licensing fees for the use of the invention subject of this case, but has been undertaken willfully. Thus, pursuant to 35 U.S.C. § 284, plaintiff Tele-Guía is entitled to collect the damages and lost profits experienced so far, estimated at no less than $1,000,000.00, trebled, in other words, at $3,000.000.

14. Plaintiff is also entitled to Attorney fees pursuant to 35 U.S.C. § 284.

## VI.

## COUNT III

12. Plaintiff re-alleges as if fully set forth herein, paragraphs 1 through 11 of the Complaint.

13. Defendant LAE's unauthorized use of the invention(s) covered and/or protected by the Patents and infringement thereof also entitles plaintiff Tele-Guia to preliminary and permanent injunction pursuant to 35 U.S.C. § 283 in order to enjoin defendant LAE from further violations and unauthorized use of the Patent, as the Court deems reasonable.

14. A trial by jury is hereby demanded.

WHEREFORE, Plaintiff requests that:

1. It be adjusted that the Patents have been infringed by the Defendant;

2. Defendant be preliminary and permanently enjoin from further infringing the Patents.

3. The Court declare and award a full and complete accounting for damages, trebling them because of the knowingly willful and wanton nature of Defendant's conduct;

4. The Court award judgment against Defendant for the full costs of this action, including reasonable attorneys' fees;

5. The Court award judgment against Defendant for interest on all amounts found to be due to Plaintiff from Defendant, at the prevailing or legal rate, whichever is greater, from the dates Defendant's infringement commenced;

6. The Court retain jurisdiction of this action for the purpose of enabling the Plaintiff to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of an order entered into this action, for the modification of any such order, for the enforcement of compliance therewith and for the punishment of any violation thereof.

7. The Plaintiff be awarded such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 4th day of October, 2004.

DEGUZMAN & GIERBOLINI LAW OFFICES
PO BOX 364567
SAN JUAN, PUERTO RICO 00936-4567
TEL. (787) 756-2765
FAX: (787) 756-4024
e-mail: gdeguzman@dgglawpr.com

GUILLERMO DE GUZMAN VENDRELL
USDC NO.: 201309