# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TELE-GUÍA TALKING YELLOW PAGES, INC.** | **CIVIL NO. 04-2047 (JAF)** |
| Plaintiff | |
| v. | |
| **LATIN AMERICAN ENTERPRISES, INC. JOHN DOE INSURANCE COMPANY; RICHARD DOE INSURANCE COMPANY** | Re: Patent Infringement |
| Defendants | A Trial by jury is demanded |

## ANSWER TO COMPLAINT

TO THE HONORABLE COURT:

COMES NOW defendant, Latin American Enterprises, Inc. ("referred to hereinafter as "**LAE**"), through its undersigned legal representation and, in answering plaintiff's complaint, respectfully STATES, ALLEGES and PRAYS:

### I.

### JURISDICTION AND VENUE

1. Averments contained in allegation number 1 of the complaint do not require a responsive plead.

2. Averments contained in allegation no. 2 of the complaint are admitted in part and denied in part. It is admitted that LAE has been conducting business in Puerto Rico and is expressly alleged that has been conducting such business since 1996. The rest of the averment contained in the allegation is denied.

## II.

## THE PARTIES

3. Allegation no. 3 is denied for lack of knowledge or sufficient information to form a belief towards its veracity.

4. Allegation no. 3 is denied as stated. It is expressly averred that defendant, Latin American Enterprises, Inc., is a Florida corporation with principal place of business in Miami that operates a prepaid calling cards service, not a "calling credit card service".

## III.

## THE FACTS

5. Allegation no. 5 is denied for lack of knowledge or sufficient information to form a belief towards its veracity.

6. Allegation no. 6 is denied for lack of knowledge or sufficient information to form a belief towards its veracity.

7. All averments included in allegation no. 7 are denied. It is contrarily averred that LAE operates a prepaid calling card business in the Luis Muñoz Marín International Airport since 1996, but the accused device neither literally infringes any of the plaintiff's patents or claims, nor the claimed invention and the alleged infringement device perform substantially the same function, or perform in substantially the same way to give the same substantial result. In the alternative, *arguendo* that the accused device does literally infringe any of the plaintiff's patents or claims or the claimed invention and the alleged infringement device perform substantially the same function, or perform in substantially the same way to give the same substantial result, it is expressly averred that then LAE was the

first to invent the accused device and the same was placed in the market prior to the issued patents, and, consequently, plaintiff's patents are invalid and unenforceable.

8. Allegation no. 8 is denied.

9. All averments included in allegation no. 9 are denied, except to aver that on October 7, 2003, plaintiff sent a letter to LAE claiming the alleged infringement of patents. However, plaintiff failed to include a copy of the patents with the aforementioned letter.

## IV.

## COUNT I

10. LAE re-alleges the answers previously provided in relation to allegations 1 through 9 of the complaint.

11. All averments included in allegation no. 9 are denied.

## V.

## Count II

12. LAE re-alleges the answers previously provided in relation to allegations 1 though 11 of the complaint.

13. All averments included in allegation no. 9 are denied.

14. Allegation no. 14 is denied.

## VI.

## Count III

15. LAE re-alleges the answers previously provided in relation to allegations 1 though 14 of the complaint.

16. Allegation no. 16 is denied.

17. Averment contained in allegation no. 17 does not require a responsive plead.

## GENERAL, PARTICULAR AND AFFIRMATIVE DEFENSES

1. LEA incorporates by reference all denials and averments encompassed within the preceding Answer to Complaint, and make them form part of these General, Particular, and Affirmative Defenses, particularly the one expressed in answer to allegation no. 7 that states that LAE operates a prepaid calling card business in the Luis Muñoz Marín International Airport since 1996, but the accused device neither literally infringes any of the plaintiff's patents or claims, nor the claimed invention and the alleged infringement device perform substantially the same function, or perform in substantially the same way to give the same substantial result.  In the alternative, *arguendo* that the accused device does literally infringe any of the plaintiff's patents or claims, or the claimed invention and the alleged infringement device perform substantially the same function, or perform in substantially the same way to give the same substantial result, then it is expressly averred that LAE was the first to invent the accused device and the same was placed in the market prior to the issued patents.  Thus, plaintiff's patents are invalid and unenforceable.

2. Patent Misuse.  Plaintiff impermissibly broadened the scope of the patent grant creating thereby an anti-competitive effect.

1. Non-infringement.

2. Absence of liability for infringement.

3. Unenforceability.

4. Failure to meet the conditions of patentablity.

5. Invalidity of plaintiff's patents or claims on any of the grounds specified in part II of 35 U.S.C. §100 as a condition for patentablity.

6. Invalidity of plaintiff's patent or claim for failure to comply with any requirement of 35 U.S.C. §§ 112 or 251.

7. Obviousness.

8. Fraudulent patent procurement.

9. Fraud.

10. Lack of indispensable party.

11. Sham.

12. Inequitable conduct.

13. Unclean hands.

14. Unenforceability of the patents for fraud and inequitable conduct.

15. Delay in filing suit resulting in latches.

16. Estoppel.

17. Implied license.

18. Practicing the prior art.

19. Intervening rights.

20. Double patenting

## RESERVATION OF RIGHT TO FILE COUNTERCLAIM

In order that the undersigned duly complies with Rule 11 of the Fed.R.Civ P., LEA hereby reserves the right to file counterclaim for antitrust based on patent misuse, fraudulent patent procurement, the maintenance of bad faith or sham, patent enforcement litigation, and/or other antitrust theories against plaintiff, in the event it

obtains, through discovery proceedings, knowledge of affirmative evidence of bad faith on the part of plaintiff.

*WHEREFORE* defendant, Latin American Enterprises, Inc., respectfully PRAYS that the present Answer to Complaint be deemed good and sufficient and, after all due proceedings, Judgment be entered in its favor and against plaintiff, Tele-Guía Talking Yellow Pages, Inc. Inc., dismissing the action and granting any other relief that this Honorable Court may deem fair and equitable and, consequently, awarding all costs, disbursements and reasonable attorney's fees in defendant's favor.

*RESPECTFULLY SUBMITTED*, in San Juan, Puerto Rico, this 3rd day of February of 2005, date on which I electronically filed the foregoing document with the Clerk of the Court via the CM/ECF system.

S/Rafael Baella-Silva
USDC-PR No: 124507
Attorney for Defendant
*Baella & Barceló*
Vela St. #2,
Esquire Bldg., Suite 102
Hato Rey, San Juan, PR  00918
Tel. (787) 250-8080
Tele-facsimile (787) 281-6006
RBaellaSilva@BaellaLaw.com